[No. 11414.   Department Two. — May 22, 1889.]

## A. E. AVERETT ET AL., RESPONDENTS, v. L. J. SOBRUNES ET AL., APPELLANTS.

OFFICIAL BOND — CONSTABLE — TITLE OF PROPERTY SEIZED—POSSESSION — FINDINGS — ERROR NOT AFFECTING A SUBSTANTIAL RIGHT. — In an action on the official bond of a constable for the wrongful seizure of plaintiff's property on execution against a third party, the title of plaintiffs to the property seized at the time of the seizure is in issue, and should be found. But a finding that the property was taken from plaintiff's possession, and converted by the defendant to his own use, though defective as being a finding of evidence of title rather than of the ultimate fact of title, when considered in connection with a finding that plaintiffs were the owners and entitled to the possession of the property at the time of the commencement of the action, is an error or defect which does not affect the substantial rights of the parties, and should be disregarded.

APPEAL from a judgment of the Superior Court of Monterey County.

The facts are stated in the opinion of the court.

*William H. Webb*, for Appellants.

*S. F. Geil*, and *H. V. Morehouse*, for Respondents.

SHARPSTEIN, J. — This is an action against the defendant Sobrunes, a constable, and the sureties on his official bond, for his alleged levy on and seizure and sale of the personal property of plaintiffs on an execution against one Tillman.

The title of plaintiffs to the property was in issue, and their right to recover depended upon their establishing their ownership of it at the time of the seizure of it. The evidence is not before us, and the contention of appellants here is, that the fact of plaintiffs' ownership at the time of the seizure is not found. We must confess that it is not found as directly as it should be. But the court has found that at the time of the commencement of this action the plaintiffs were the owners and entitled

to the possession of all of said property. If this had been preceded by a finding that at the date of the seizure the plaintiffs were the owners and entitled to the possession of it, the case probably would never have reached this court.

There is a finding " that on the said tenth day of October, 1884, the said defendant L. G. Sobrunes, in his official capacity as constable of San Antonio township, against plaintiffs' will and consent, wrongfully and unlawfully took all of the personal property mentioned and described in plaintiffs' complaint from said plaintiffs' possession, and converted the same to his own use."

Possession is *prima facie* evidence of title, but it is not title, and the ultimate fact, and not the evidence of it, should in all cases be found. But this error or defect is one which, in our opinion, does not affect the substantial rights of the parties, and therefore must be disregarded. (Code Civ. Proc., sec. 475.)

Judgment affirmed.

McFarland, J., and Thornton, J., concurred.